■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT OSCAR WERN, Appellant.— Judgment of the County Court, Nassau County, rendered September 13, 1966, modified, on the law, by reducing the sentence imposed to one year. As so modified, judgment affirmed. No questions of fact were considered. In our opinion, the indictment clearly charged a violation of section 480 of the Penal Law and not section 481. It is equally clear from the statements made by defendant's counsel at the time the plea of guilty was entered that the plea was to an attempt to violate section 480. The maximum legal sentence which could have been imposed was one year. Beldock, P. J., Ughetta, Rabin, Benjamin and Munder, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. C. JAMES LOMBARDI, JR., Appellant, v. HAROLD W. FOLLETTE, as Warden of Green Haven Prison, Respondent.— Judgment of the Supreme Court, Dutchess County, dated June 21, 1966, dismissing a writ of habeas corpus, reversed, on the law, without costs, and proceeding remitted to the Special Term for the purpose of (a) holding a hearing *de novo;* (b) assigning counsel to represent relator on such hearing; and (c) making a determination *de novo* on the merits. No questions of fact have been considered. Respondent states in his brief that he does not object to this disposition for the reason that relator's request at Special Term for assignment of counsel was denied over his objection. We have held that assignment of counsel is necessary in cases such as this (*People ex rel. Slade* v. *Follette,* 26 A D 2d 823). Ughetta, Acting P. J., Christ, Brennan, Hopkins and Munder, JJ., concur.